IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT HUDDLESTON and JOANNA HUDDLESTON,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 3:22-cv-617-CWB** |
| **AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION & ORDER

### I. Procedural History

Robert and Joanna Huddleston ("Plaintiffs") filed this action in the Circuit Court of Randolph County, Alabama. (Doc. 1-3 at p. 7). Named as defendants in the Complaint were American Modern Property and Casualty Insurance Company ("American Modern") and Randolph County Water, Sewer and Fire Protection Authority ("Randolph County WSF"). (*Id*. at pp. 7-8). American Modern removed proceedings to this court on the basis of diversity jurisdiction. (Doc. 1). Although Randolph County WSF apparently had non-diverse citizenship and did not join in the removal, American Modern asserted that Randolph County WSF had been fraudulently joined such that its consent to removal was not required and its Alabama citizenship should be disregarded. (*Id*. at pp. 6-12). Nonetheless, Randolph County WSF subsequently filed a formal joinder and moved to be dismissed as a defendant. (Doc. 8). Plaintiffs in turn moved to remand. (Docs. 9 & 10).

At the court's direction (Doc. 15), American Modern and Randolph County WSF both filed responses on the remand issue (Docs. 21 & 22). Plaintiffs then averred for the first time that they had never requested and would not accept any damages in excess of $74,999.99. (Doc. 23). Given that stipulation, the court directed American Modern and Randolph County WSF to show cause by December 30, 2022 as to why proceedings should not be remanded for lack of subject matter jurisdiction. (Doc. 24). Despite the court's admonition that "a failure to show cause will be viewed as an acknowledgement that remand is appropriate," no response was filed by either American Modern or Randolph County WSF.

## II. Factual Background

Plaintiff's claims arise from a February 8, 2022 fire loss to their mobile home in Woodland, Alabama. (Doc. 1-3 at pp. 8-10). According to Plaintiffs, they did not have adequate insurance to cover the loss. (*Id.* at p. 10). Plaintiffs further contend that they relied on representations by American Modern as to sufficient coverage limits and thus have brought tort claims against American Modern for Fraudulent Misrepresentation/Negligence/Wantonness (Count One). (*Id.* at pp. 8-11). In addition to those insurance-related allegations against American Modern, Plaintiffs also have named Randolph WSF as a defendant, alleging that it failed to provide sufficient water for fire protection. (*Id.* at p. 9). Plaintiffs' theories of recovery against Randolph WSF track those against American Modern for Fraudulent Misrepresentation/ Negligence/Wantonness (Count One) but additionally include a secondary theory styled as Breach of Contract (Count Two). (*Id.* at pp. 8-12).

Count One seeks to recover "such an amount of damages as a jury deems reasonable and may award, plus costs," while Count Two similarly seeks to recover "such an amount of compensatory damages as a jury deems reasonable and may award, plus costs." (Doc. 1-3).

## III. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *See, e.g., Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With specific respect to actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). And it falls upon the removing party to establish that such jurisdiction exists. *See*, *e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remanding to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

**III. Discussion**

**A. Federal Question Jurisdiction**

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction. Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. It thus is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

**B. Diversity Jurisdiction**

American Modern and Randolph County WSF appear to concede that complete diversity of citizenship would exist only upon a finding that Randolph County WSF was fraudulently joined as a defendant. Before determining whether it is necessary to address the fraudulent joinder argument, however, the court must evaluate whether the removal burden has been satisfied as to the additional requirement for establishing diversity jurisdiction, *i.e.,* amount in controversy. *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, at *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.").

Here, the Complaint is devoid of any particularized articulation of the amount of damages being sought. "When the plaintiff alleges unspecified damages, the party seeking to remove bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Buckeridge v. Tuskegee Univ.*, No. 3:20-cv-856, 2021 WL 6884910, at *1 (M.D. Ala. Jan. 6, 2021) (citing *Pretka*, 608 F.3d at 752). The Notice of Removal attempts to make that showing by citing to Plaintiff's sworn proof of loss—which reflects a total sum of $213,000. (Doc. 1 at p. 5). American Modern further notes that the Complaint seeks "mental anguish damages" above and beyond the items listed in the proof of loss. (*Id*. at p. 6). In their post-removal submissions, Plaintiffs conversely have submitted sworn declarations attesting that they have never intended to seek in excess of $74,999.99 in damages, that they are not currently claiming damages in excess of $74,999.99, and that they "will not accept an amount of money damages in excess of $74,999.99." (Doc. 23-1 at pp. 2-3).

The court is cognizant that the amount in controversy must be viewed as it existed at the time of removal and that post-removal reductions to the amount in controversy cannot oust jurisdiction once it has attached. *See, e.g., Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11h Cir. 2000) (*overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007)). That being said, Plaintiffs' post-removal declarations are precisely the type of stipulations that consistently have been recognized as warranting remand in that (1) they clarify that the Complaint never sought damages exceeding the $75,000.00 jurisdictional threshold and (2) they bind Plaintiffs to accepting no more than $74,999.99. *See, e.g,, Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp.2d 1299, 1302 (M.D. Ala. 2001); *Stokes v. Homes*, No. 2:08-cv-806, 2009 WL 413755, *2 (M.D. Ala. Feb. 18, 2009); *Thornton v. Waffle House, Inc.*,

No. 2:06-cv-446, 2006 WL 2631350, *2 (M.D. Ala. Sept. 13, 2006); *Lacey v. Dollar General Corp.*, No. 2:05-cv-1041, 2005 WL 3240708, *2 (M.D. Ala. Nov. 30, 2005); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003). The court thus finds, as uncontroverted by either American Modern or Randolph County WSF, that the amount in controversy at all times has fallen short of the jurisdictional minimum and that subject matter jurisdiction is lacking.[1]

## IV. Conclusion

Accordingly, it is hereby ORDERED that the Motion to Remand (Doc. 9) and Amended Motion to Remand (Doc. 10) are GRANTED and that this action is remanded to the Circuit Court of Randolph County, Alabama. The clerk of court is DIRECTED to take the necessary steps to effectuate the remand.

DONE this the 6th day of January 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

[1] Having found that subject matter jurisdiction is lacking, the court declines to address whether Randolph County WSF was fraudulently joined or is due to be dismissed. So too does the court decline to address whether the Notice of Removal was timely.